*In re* TUTTLE ESTATE.

1. TAXATION—INHERITANCE TAXES—WILLS.
    Clerk, stenographer and trusted assistant of testator who was left legacies totalling $6,045.50 and then claimed an interest in estate of $341,466.66 as common-law wife of testator, a claim which was settled out of court for $20,000 was properly required to pay an inheritance tax on the bequests made to her in the will (CL 1948, § 205.201 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES
[1] 28 Am Jur, Inheritance, Estate and Gift Taxes § 4.
[2] 28 Am Jur, Inheritance, Estate and Gift Taxes § 290.
[2] Federal Tax Liens. 174 ALR 1373.
[3] 28 Am Jur, Inheritance, Estate and Gift Taxes §§ 219-221.

2. Same—Inheritance Taxes—Liens—Death.

    The lien of the inheritance tax attaches at the decedent's death (CL 1948, § 205.201 *et seq.*).

3. Same—Inheritance Taxes—Compromised Claim.

    Petition by clerk, stenographer and trusted assistant of testator who left an estate of $341,466.66 with legacies totalling $6,045.50 to petitioner who received $20,000 in settlement of her claim in circuit court as his common-law wife for redetermination by probate court of tax imposed upon amount coming to her and for preferential treatment was properly denied, where tax was assessed upon basis of $6,045.50 bequests and there was no claim filed in the probate court showing her marital status or that she was a creditor against the estate (CL 1948, § 205.201 *et seq.*).

Appeal from Gratiot; Cash (Paul R.), J. Submitted April 5, 1956. (Docket No. 28, Calendar No. 46,600.) Decided June 4, 1956.

Jany M. Tuttle, after receiving settlement on her claim that she was entitled to share of estate of Orin G. Tuttle as his common-law wife, protested determination of inheritance tax by Department of Revenue of State of Michigan computed on basis of her legacies from the estate. From dismissal of her petition for redetermination in probate court and circuit court, plaintiff appeals. Affirmed.

*Alfred J. Fortino* and *Goggin & Baker* (*Robert H. Baker,* of counsel), for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *T. Carl Holbrook* and *William D. Dexter,* Assistants Attorney General, for defendant.

Kelly, J. This is an appeal from a circuit court order affirming the probate court's determination of the inheritance tax that should be assessed on a bequest made to plaintiff by will.

The last will and testament of Orin G. Tuttle, deceased, was admitted to probate by the probate court for the county of Gratiot on October 31, 1952. In his will, Mr. Tuttle made a bequest of $6,000 to Jany M. Chalker, and described her as one "who for many years has been my efficient clerk, stenographer and trusted assistant."

On February 9, 1953, plaintiff, as Jany M. Tuttle, filed in the probate court a notice of election to claim as widow of decedent. The executor of the estate answered by denying that plaintiff was ever the wife, or was now the widow, of decedent. Jany M. Chalker and Jany M. Tuttle are one and the same person.

In May, 1953, plaintiff filed a bill of complaint in the circuit court for the county of Gratiot naming the executor and the residuary legatees as defendants. Plaintiff alleged therein that she stood in relationship of a wife to the decedent; that she had worked with the decedent or 40 years and had never received compensation in excess of $10 per week; that she and decedent entered into a common-law relationship of husband and wife on or about October 20, 1951; that the decedent told her that by establishing such a relationship she would be entitled to a widow's share in his estate; that he also agreed with her on or about October 20, 1951, that for services rendered by her, and to be rendered as a common-law wife, and for past and future services, she would, in event she survived him, be paid a widow's share in his estate; that she agreed that she would remain with him for the balance of his lifetime and would perform services in accordance with this agreement.

The residuary legatees under the decedent's will answered this bill of complaint, denying the existence of any common-law relationship of husband and wife between decedent and plaintiff and further denying plaintiff's right to have a widow's share in the

estate by any promise of the decedent to give the same to her. The circuit court action never came on for hearing, settlement having been arranged between plaintiff and the residuary legatees whereby plaintiff agreed that in consideration of the sum of $20,000 to be paid by the executor, she would release the defendants and said estate from any and all interest claimed in said estate as set forth by her in either the probate or circuit courts. On August 12, 1953, an order was entered in accordance with stipulation of settlement.

The probate court by its order computed inheritance tax as if no settlement agreement had been made and, for purposes of inheritance tax liability, did not treat the $20,000 paid plaintiff as moneys paid to a widow of said decedent or as moneys paid to a creditor of deceased. The court held that by the last will of said decedent a legacy of $6,000 cash and items of office furniture appraised at $45.50 were bequeathed to plaintiff and that these bequests, totaling $6,045.50, should be taxed at 10%, or $604.55, and the residuary legatees were taxed as though nothing had been paid to plaintiff other than the legacy provided by said will.

A petition for redetermination of inheritance tax was denied by the probate court because of lack of proof of any marital relationship or relationship of creditor and debtor between plaintiff and decedent.

Plaintiff appealed from the order of the probate court dismissing her petition for redetermination of tax. No evidence was introduced in the circuit court to prove either any valid contractual arrangement, common-law marital, or otherwise. The lower court found nothing in the record to justify plaintiff's contention that she was a bona fide creditor or claimant against the estate, or a widow of the decedent, because there was no claim filed by her in the probate court and no testimony offered in any court regard-

ing her marital status with decedent. The court entered an order affirming the order of the probate court dismissing the petition for redetermination of tax, and plaintiff has appealed to this Court.

The probate court did not err in finding that plaintiff should pay an inheritance tax on the bequest made to her in the will.

This Court held in *In re Cress' Estate,* 335 Mich 551 (36 ALR2d 907), and in the companion case, *In re Dunbrook's Estate, id.,* that the entering into of a settlement agreement between a person claiming to elect against the will and residuary legatees does not alter or modify the will and the inheritance tax is computed on the basis of the distribution provided for in the will. These cases and, also, *In re Fish's Estate,* 219 Mich 369, hold that the lien of the inheritance tax attaches at the decedent's death.*

The settlement agreement provided:

"Plaintiff has made certain claims and demands against said Orin G. Tuttle, deceased, by reason of the dealings and transactions aforesaid, among such claims and demands on the part of the plaintiff, being that she is the common-law wife of said Orin G. Tuttle, deceased, which by this agreement is not admitted, but expressly denied by each and all of said defendants."

The amount accepted by plaintiff in settlement was but a fraction of the amount she would have received as a widow, as deceased left an estate of $341,466.66. The settlement agreement did not establish the fact that plaintiff was a common-law wife of deceased, nor that deceased was indebted to plaintiff at the time of his death.

Plaintiff cites *In re Clayton Estate,* 343 Mich 101, as authority for the claim that money paid to her was payment as a debt of deceased. The *Clayton*

---

* See CL 1948, § 205.201 *et seq.* (Stat Ann 1950 Rev § 7.561 *et seq.*).—REPORTER.

*Case* does not sustain plaintiff. In the *Clayton Case* claims were filed in the probate court. Referees were appointed by the court, and extensive testimony was produced to sustain said claims. A settlement of the claims was made with the court's approval, the court not only being fully advised as to the nature of the claims but the employees' testimony was also presented to support same. In the present case plaintiff did not even file a claim against the estate and took no other proceedings.

The circuit court did not err in ordering, adjudging and decreeing,

"That the order of the probate court is affirmed dismissing the petition for redetermination of tax, the court having found that the moneys received by Jany M. Chalker were received as a result of taxable transfers subject to the Michigan inheritance tax act by a person not entitled to any preferential exemption or rate treatment under the applicable provisions of such tax."

Affirmed.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.