REISIG v. KLUSENDORF.

DECISION OF THE COURT.

1. DEATH—DAMAGES—LOSS OF COMPANIONSHIP OF ADULT SON.
   Damages for loss of companionship of adult son were properly
   awarded in action under death act, the pecuniary value of a
   human life being a compound of many elements (CL 1948,
   § 691.581 *et seq.*).

DISSENTING OPINION.

DETHMERS and KELLY, JJ.

2. DEATH—DAMAGES—ADULT, UNMARRIED SON—LOSS OF COMPANION-
   SHIP.
   *Loss of companionship of 23-year-old, unmarried son is not com-*
   *pensable as a pecuniary injury in action under death act*
   *by father, as administrator, against motorist, where plaintiff*
   *made no claim for loss of services or support contributions*
   *and there was no evidence of reasonable expectation of con-*
   *tinued support in determining damages arising from the son's*
   *death (CL 1948, §§ 691.581–691.583).*

SEPARATE OPINION.

T. M. KAVANAGH, C. J., and SOURIS, SMITH, and ADAMS, JJ.

3. DEATH—DAMAGES—ADULT, UNMARRIED SON—LOSS OF COMPANION-
   SHIP—EVIDENCE.
   *Damages for loss of society and companionship were properly*
   *awarded in action under death act by father, administrator*
   *of estate of 23-year-old son who was killed as a result of*
   *the negligence of defendant, notwithstanding there was no*
   *evidence of reasonable expectation of continued support of*
   *the parents by the son, proof of such element being per-*

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4]  16 Am Jur, Death § 199.
[2]  16 Am Jur, Death § 218.
[5]  16 Am Jur, Death § 178 *et seq.*

*missible, but not essential to recover damages for loss of companionship, life itself having value (CL 1948, §§ 691.581–691.583).*

SEPARATE OPINION.

O'HARA, J.

4. DEATH—DAMAGES—ADULT, UNMARRIED SON—LOSS OF COMPANION-SHIP.

*Recovery of damages in action under death act by father, as administrator of the estate of his 23-year-old unmarried son, may properly include loss of companionship, where such construction of the death act has been made without subsequent legislative exclusion of such element of damage from the recovery permitted under the statute (CL 1948, §§ 691.581–691.583).*

DISSENTING OPINION.

BLACK, J.

5. DEATH—DAMAGES—ADULT, UNMARRIED SON—EVIDENCE.

*Damages recoverable under the death act for the loss of a 23-year-old, unmarried son of plaintiff, in action as administrator of his son's estate, should be limited to the statutory damages as proved, and recovery denied for alleged, but unproven, pecuniary injury (CL 1948, §§ 691.581–691.583).*

Appeal from Berrien; Zick (Karl F.), J. Submitted January 10, 1964. (Calendar No. 13, Docket No. 49,802.) Decided May 10, 1965.

Case by John Reisig, administrator of the estate of Donovan Reisig, deceased, against Elmer Fred Klusendorf and Continental Can Company, a foreign corporation, for damages by reason of death resulting from automobile collision. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Seymour & Seymour (Dalton G. Seymour, of counsel), for plaintiff.*

*Harvey, Fisher & Troff (Theodore E. Troff, of counsel), for defendants.*

KELLY, J. (*dissenting*).  Donovan Reisig, a passenger in a car driven by a Mr. Stover, was fatally injured (July 12, 1959) when a car owned by Continental Can Corporation and driven by Elmer Fred Klusendorf collided head-on with the Stover car.

John Reisig, as administrator of his son Donovan's estate, began this action under the provisions of the Michigan wrongful death act (CL 1948, §§ 691.581–691.583 [Stat Ann 1959 Cum Supp §§ 27-.711–27.713]), claiming damages by way of medical, hospital, funeral and burial expenses in the amount of $1,278.40, and an additional amount for pecuniary injury consisting of loss of companionship.

Plaintiff's decedent was 23 years of age, unmarried at the time of death, and resided with his parents.  Plaintiff makes no claim for loss of services or support contributions.

Defendants asked the jury to answer the following special question:

"Do you find that plaintiff has proved by a preponderance of the evidence that the defendant Elmer Fred Klusendorf was negligent in failing to drive his motor vehicle upon the right half of the roadway known as US Highway 31 and colliding with the motor vehicle in which plaintiff's decedent, Donovan Reisig, was a passenger?"

The jury answered this question in the affirmative and returned a verdict in favor of plaintiff for $10,000.

The record sustains the jury finding that the collision was caused by defendant driver's negligence, and we find no merit to defendants' claim that the court committed error in instructing the jury in regard to the presumption of negligence or failure to comply with statutory requirements while driving a motor vehicle.

Appellants contend the trial court erred in answering "Yes" to the following question:

"In a suit under the provisions of the Michigan wrongful death act, where the decedent is an unmarried, adult male residing with his parents, who are his sole next-of-kin, and who are not financially dependent upon or receiving support contributions from their son, may the jury award a substantial amount of damages for loss of companionship alone as pecuniary injury?"

In a written opinion denying defendant's motion for judgment notwithstanding the verdict and motion for new trial, the trial court called attention to the wrongful death act, which provides that the court or jury may give such damages as are fair and just with reference to the pecuniary injury resulting from such death, and said that previous to *Wycko* v. *Gnodtke*, 361 Mich 331, "The meaning of 'pecuniary loss' was well defined by a long line of cases"; "that the *Wycko Case* overruled all of the prior cases and set up an entirely new standard for the determination of pecuniary loss in death cases"; that "the old rule first came under bitter attack by the Supreme Court in the case of *Courtney* v. *Apple*, 345 Mich 223, decided in 1956. The attack appeared in the minority opinion by Justice Talbot Smith, who wrote the majority opinion in the *Wycko Case*"; that "the old rule suffered its second severe attack in the case of *Thompson* v. *Ogemaw County Board of Road Commissioners*, 357 Mich 482, decided in 1959."

*Thompson* preceded *Wycko* and was not a "severe attack" on the "old rule." The majority opinion stated (p 491) that the problem that divided the Court in *Courtney* did not exist in *Thompson* because in *Thompson* there was no need to consider a presumption as to damages as there was "substan-

tial evidence tending to prove the pecuniary injury present in the instant case"; that there was a clear distinction between the services of a minor child and the contributions of an adult son or daughter and the opinion stressed the necessity of "reasonable expectation of continued support" as follows (pp 488, 489):

"The pecuniary value of such obligation, voluntarily assumed, has been recognized in Michigan case law. In the case of a dependent parent, proofs that a son 23 years of age had voluntarily undertaken and continued support were held to allow the jury to consider whether or not there was reasonable expectation of continued support in determining damages arising from the son's death. *Judis* v. *Borg-Warner Corporation*, 339 Mich 313. See, also, *MacDonald* v. *Quimby*, 350 Mich 21."

The minority opinion in *Thompson* adopted the "reasonable expectancy" test, but decided that (p 503) "No factual basis was established on which to predicate a finding of a 'reasonable expectancy' that she would, after attaining the age of 21, make contributions to her parents or to either of them."

I agree with the trial court's conclusion that prior to *Wycko,* appellee would not be entitled to the damages awarded by the jury.

I disagree with the trial court that since *Wycko* those damages are justified because: (1) There is a vast difference between the facts in *Wycko* where a 14-year-old son, who helped his father run the farm, met his death, and where the facts in the present appeal did not even justify a claim for damages for loss of services or support contributions, and because (2) the facts in the present appeal negate any "reasonable expectation of continued support in determining damages arising from the son's death."

In both *Courtney* and *Wycko*, I voted with my Associates who did not favor abandoning what the

trial court described as the "old rule." Judicial experience since *Wycko* strengthens my belief that the "old rule" is preferable to the rule we adopted in *Wycko.*

Twenty-six pages of the Michigan Reports were required to record the majority opinion of Justice Talbot Smith and the dissenting opinion of Justice Carr in *Wycko* v. *Gnodtke,* 361 Mich 332–357, and 38 pages were required to record the opinions in *Courtney* v. *Apple,* 345 Mich 225–262.

Eleven states[1] have a statutory provision similar to Michigan's wrongful death act allowing damages for "pecuniary injury resulting from such death"; only three[2] allow damages for "loss of companionship," or "loss of society," and Illinois guards against excessive verdicts by providing that the damages shall not exceed $30,000.

I am of the opinion that the time has arrived where this Court should reappraise and re-evaluate *Courtney* and *Wycko,* because only two of the present members of this Court were participating members when *Courtney* was decided in 1956, and only five of the present Court were members in 1961 when *Wycko* was decided, three of those five signing the majority opinion and two the dissenting opinion.

The case should be reversed and remanded with instructions that judgment notwithstanding the jury verdict be entered for defendants. Costs to appellants.

Dethmers, J., concurred with Kelly, J.

Adams, J. The issue here presented is whether an award for loss of the companionship of an adult son is proper under the wrongful death act. CL

---

[1] Arkansas, Illinois, Maine, Nebraska, New Jersey, New Mexico, New York, North Carolina, Ohio, Vermont, and Minnesota.

[2] Arkansas, Illinois, and Minnesota.

1948, § 691.581 *et seq.* (Stat Ann 1959 Cum Supp § 27.711 *et seq.*) Justice KELLY would overrule *Wycko* v. *Gnodtke,* 361 Mich 331, upon the basis of the "judicial experience" gained since that decision.

In reply, no more really need be said than to refer to the reasoning of Justice TALBOT SMITH in *Wycko* and the fundamental proposition therein stated— Life has value. See, also, dissenting opinion of Justice TALBOT SMITH in *Courtney* v. *Apple,* 345 Mich 223, 237. No "judicial experience" since then has demonstrated that this Court should not continue to permit adequate compensation for the wrong done nor has Justice KELLY set forth any in his opinion.

Justice KELLY's citation of the majority opinion in *Thompson* v. *Ogemaw County Board of Road Commissioners,* 357 Mich 482, for the proposition that it is necessary to show a "reasonable expectation of continued support" in order that the parent of an adult son or daughter may recover under the wrongful death act, overlooks the fact that since *Wycko,* while such showing may be made, it is not required, the loss of such an expectation being only one of several bases for computing damage.

Reference should be made to *Currie* v. *Fiting,* 375 Mich 440. The issues there presented are the same as here, and, for the reasons expressed in that case, the verdict in this case should be affirmed, with costs to appellee.

T. M. KAVANAGH, C. J., and SOURIS and SMITH, J., concurred with ADAMS, J.

O'HARA, J. (*concurring in affirmance*). For the reasons I expressed in *Currie* v. *Fiting,* 375 Mich 440, 456, I concur in the result reached by Mr. Justice ADAMS.

BLACK, J. (*dissenting*). For reasons given over my signature in *Currie* v. *Fiting*, 375 Mich 440, 457, I would reverse and remand for entry of judgment in favor of plaintiff, limited in amount to the statutory damages as proven and denying recovery for alleged but unproven pecuniary injury. Costs on appeal should be denied.