WESTFALL v. VENTON.

1. DEATH—ACTION—STATUTES.
Actions by the personal representative for the wrongful death of decedent wife, who died without regaining consciousness, and for death of decedent husband, who lived for 7–1/2 days, suffering severe conscious pain, against the tort-feasor, may · be brought, if at all, under the wrongful death act (CLS 1961, § 600.2922).

2. SAME—PECUNIARY VALUE—COMPANIONSHIP.
The pecuniary value of a human life is a compound of many elements, including mutual society and protection, companionship (CLS 1961, § 600.2922).

3. COURTS—CONSTRUCTION OF STATUTES—NOTICE TO LEGISLATURE.
The presumption of legislative notice of interpretation of statutes by the Supreme Court applies to changes of interpretations which may have been of many years' standing.

4. DEATH—PECUNIARY INJURY—LOSS OF COMPANIONSHIP.
The unlawful death of any member of a family unit with provable loss of companionship present, is actionable and included in the term *pecuniary injury*, as that term is used in the wrongful

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Death § 15.
[2, 4–10] 22 Am Jur 2d, Death §§ 123, 133, 135.
"Sentimental" losses, including mental anguish, loss of society, and loss of marital, filial, or parental care and guidance, as elements of damages in action for wrongful death. 74 ALR 11.
[3] 50 Am Jur, Statutes § 221.
[11] 5 Am Jur 2d, Appeal and Error § 776.

death act as previously construed by the Supreme Court (CLS 1961, § 600.2922).

5. WORDS AND PHRASES—FAMILY UNIT.

A family unit, including all of its members, whether living under the same roof or not, is still a family unit.

6. DEATH—MEMBER OF FAMILY UNIT.

Surviving members of a well-knit and close family unit that has been broken by the unlawful taking of the life of one of its members through the wrongful action of defendant with resulting pecuniary injury to such survivors, are entitled to an action under the death act for the loss sustained (CLS 1961, § 600.2922).

7. SAME—DAMAGES—ADULT, MARRIED CHILDREN—LOSS OF COMPANIONSHIP.

Jury was properly allowed to assess damages for loss of love, affection, and companionship on behalf of decedents' 6 adult, married children during the remainder of the life expectancy of their parents who died as the result of defendant's negligence under evidence adduced in consolidated actions under the death act by the same administrator (CLS 1961, § 600.2922).

8. SAME—DAMAGES—HUSBAND'S LOSS OF WIFE'S SERVICES.

Damages recoverable for husband who survived his wife by 7-1/2 days after both received injuries in same accident, included not only his pecuniary injury for loss of love, affection, and companionship but also the loss of her services during such period as he survived her (CLS 1961, § 600.2922).

9. SAME—DAMAGES—LOSS OF COMPANIONSHIP OF SPOUSE.

Recovery of damages for loss of society and companionship of a husband or wife under the death act is includable and proper (CLS 1961, § 600.2922).

10. SAME—DAMAGES—LOSS OF BOTH SPOUSES.

The husband's loss of care and services, love and companionship of decedent wife is an item of damages which are recoverable in action by the administrator of her estate under the death act, but where the husband also died some 7-1/2 days later. as a result of injuries received in the same accident in which the wife was killed, the same person was administrator of both estates, the 2 actions were consolidated, and such item was included only once, no error .resulted, and especially where the same persons will share the damages recovered in each case.

11. Appeal and Error—Prejudice.
    Error to be reversible must be prejudicial (CLS 1961, §§ 600-
    .2301, 600.2315; GCR 1963, 529.1).

Appeal from Eaton; McDonald (Archie E.), J. Submitted Division 3 June 14, 1965, at Grand Rapids. (Docket Nos. 313, 314.) Decided November 15, 1965. Leave to appeal denied by Supreme Court February 11, 1966. See 377 Mich 700.

Complaints by Thomas Westfall, administrator of the estate of Hazel Westfall, deceased, and administrator of the estate of Harper Westfall, deceased, against Ray Harlow Venton for damages for the death of both decedents in an automobile accident June 21, 1963. Cases consolidated for trial. Verdicts and judgments for plaintiff. Defendant appeals. Affirmed.

*MacLean, Seaman & Laing (Charles R. MacLean,* of counsel), for plaintiff.

*Smith & Haughey (Sherman H. Cone,* of counsel), for defendant.

Holbrook, J. On November 22, 1963, plaintiff filed separate suits against defendant in the circuit court for the county of Eaton, under the provisions of the wrongful death act, CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922), one action seeking recovery on behalf of the estate of Hazel Westfall, deceased, and the other action on behalf of the estate of Harper Westfall, deceased. Both actions sought damages as a result of a motor vehicle accident. Mrs. Westfall died as a result of injuries without regaining consciousness. Mr. Westfall also died, but survived for 7-1/2 days, part of the time suffering severe conscious pain. Plaintiff's claims on behalf of the estate of Hazel Westfall,

limited the damages to loss of love, affection, and companionship on behalf of the decedent's six children during the remainder of Mrs. Westfall's life expectancy.

Plaintiff's claims on behalf of the estate of Harper Westfall, deceased, were for damages for funeral and burial expenses for Harper and Hazel Westfall, property damage to the automobile, medical and hospital expenses incurred by Harper Westfall and loss by Harper Westfall of his wife's services, affection and companionship during the 7-1/2 days which he survived her, and the loss of the love, affection, and companionship of Harper Westfall on behalf of the decedent's six children during the remainder of the life expectancy of said Harper Westfall.

The two cases were joined for trial by consent of all parties, and trial was had resulting in jury verdicts for the plaintiff in each case; $13,000 for the estate of Harper Westfall, including $3,462.70 for property loss, medical and hospital expense, and funeral and burial expenses; $5,000 for the estate of Hazel Westfall, deceased. Judgments were entered in accordance with the jury verdicts October 26, 1964. Defendant appeals.

The six children of Harper Westfall and Hazel Westfall were adults with established homes of their own and the evidence was to the effect that none of the children had received any support from either parent since the date of their respective marriages, and none of them had contributed to the support of their parents from said dates. This with the possible exception of one daughter who lived with her parents from January through May of 1959 during a nervous breakdown and divorce proceedings brought by her first husband.

The evidence shows that the adult children of the deceased had maintained a close relationship with

their parents. They regularly visited them and were visited by them, and they received considerable spiritual advice and moral support from their parents. The family as a unit was usually together on holidays and the deceased parents took particular interest in the well-being of their children and grandchildren making gifts to them out of their limited resources and assisting with their religious education.. A daughter testified that the loss of her parents left her with a feeling of loss of security and moral support. One son testified that he had gone on frequent hunting and fishing trips with his father and that they had started to construct a cabin together in northern Michigan. Prior to the death of Mr. and Mrs. Harper Westfall, the family was a well-knit, close unit.

Appellant raises two questions. (1) In an action for wrongful death, may the administrator recover damages for loss of love, affection, and companionship of the deceased on behalf of adult children of the deceased where all are married, maintaining their own separate households, and receiving no support from the deceased? (2) Does instantaneous death give rise to an action for loss of consortium to a surviving spouse?

These actions may be brought, if at all, under CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A-.2922), which states in part as follows:

"(2) Every such action shall be brought by, and in the names of, the personal representatives of such deceased person, and in every such action the court or jury may give such damages, *as, the court or jury, shall deem fair and just, with reference to the pecuniary injury resulting from such death,* to those persons who may be entitled to such damages when recovered and also damages for the reasonable medical, hospital, funeral and burial expenses for which the estate is liable and reasonable compensa-

tion for the pain and suffering, while conscious, undergone by such deceased person during the period intervening between the time of the inflicting of such injuries and his death. *Such person or persons entitled to such damages shall be of that class who, by law, would be entitled to inherit the personal property of the deceased had he died intestate.* The amount recovered in every such action for pecuniary injury resulting from such death shall be distributed to the surviving spouse and next *of kin who suffered such pecuniary injury and in proportion thereto.* \* \* \* After providing for the payment of the reasonable medical, hospital, funeral and burial expenses for which the estate is liable, the probate court shall determine as provided by law the manner in which the amount representing the total pecuniary loss suffered by the surviving spouse and the next of kin shall be distributed, and the proportionate share thereof to be distributed to the surviving spouse and the next of kin. *The remainder of the proceeds of such judgment shall be distributed according to the intestate laws.*" (Emphasis supplied.)

Until recently, the basis for recovery of damages for the death of a person over 21 years of age was either financial dependency, *MacDonald* v. *Quimby* (1957), 350 Mich 21, or assumption by deceased of an obligation to support a surviving next-of-kin, *Judis* v. *Borg-Warner Corporation* (1954), 339 Mich 313; *Rytkonen* v. *City of Wakefield* (1961), 364 Mich 86; *Mooney* v. *Hill* (1962), 367 Mich 138.

The dissenting opinion of Mr. Justice TALBOT SMITH in the case of *Courtney* v. *Apple* (1956), 345 Mich 223, appears to be a harbinger of a new rule concerning what is included in "pecuniary injury" under the death act.

The case of *Wycko* v. *Gnodtke* (1960), 361 Mich 331, is a landmark case changing the rule concerning pecuniary injury or damage, wherein Mr. Justice

TALBOT SMITH stated in part on pp 338–340 as follows:

"What, then, is the pecuniary loss suffered because of the taking of the child's life? It is the pecuniary value of the life. * * * This value is the value of mutual society and protection, in a word, companionship. The human companionship thus afforded has a definite, substantial, and ascertainable pecuniary value and its loss forms a part of the 'value' of the life we seek to ascertain. * * * It is true, of course, that there will be uncertainties in all of these proofs, due to the nature of the case, but we are constrained to observe that it is not the privilege of him whose wrongful act caused the loss to hide behind the uncertainties inherent in the very situation his wrong has created."

*Wycko* v. *Gnodtke, supra,* involved the death of a minor child; however, the pertinent interpretation of the meaning of "pecuniary injury" to include the value of a life is not specifically limited to a minor child.

Now, five years later, three cases, *Currie* v. *Fiting* (1965), 375 Mich 440, *Heider* v. *Michigan Sugar Company* (1965), 375 Mich 490, and *Reisig* v. *Klusendorf* (1965), 375 Mich 519, shed further light on the meaning of "pecuniary injury."

The *Currie Case,* allowed recovery for the wrongful death of an emancipated daughter living at home when not at school. The parents were not dependent upon the daughter, but suffered injuries attendant her unlawful death, including loss of companionship. Mr. Justice O'HARA in a concurring opinion stated on p 456 as follows:

" 'That the *Wycko Case* overruled all of the prior cases and set up an entirely new standard for the determination of pecuniary loss in death cases' in order to include therein an element of recovery which had not previously been recognized in this

State. The decision in that case, now part of our jurisprudence, has been presumptively known to the legislature at the very least since 1960.

"The sword of presumptive legislative notice of judicial decisions cuts both ways. If it is a valid concept in the maintenance of the status quo, as this Court held for many years when change was advocated, it must be equally valid when change becomes a judicial *fait accompli.* See, generally, 50 Am Jur, Statutes, § 326, p 318; 21 CJS, Courts, § 214, pp 388–390 and *Twork* v. *Munising Paper Co.,* 275 Mich 174; *In re Clayton Estate,* 343 Mich 101; *Consumers Power Co.,* v. *County of Muskegon,* 346 Mich 243; *Sheppard* v. *Michigan National Bank,* 348 Mich 577.

"If the legislature had found *Wycko* inconsonant with legislative intent, it has had ample opportunity to amend the act to declare explicitly and precisely what elements of damage are included or excluded from 'pecuniary loss.' "

In *Reisig,* the Supreme Court ruled that damages for the loss of an adult son were properly awarded in an action under the death act. Proof of support or reasonable expectation of continued support being permissible but not essential to recovery of damages for *loss of companionship, life itself having value.* Mr. Justice O'HARA reiterated in this case, his concurrence as expressed in the *Currie Case.*

The *Heider Case* is important to this Court by reason of the dissenting opinion of Mr. Justice ADAMS. The majority of the Court reversed the judgment for plaintiff for the reason that a recent statute outlawed the action. The minority opinion written by Mr. Justice ADAMS stated on p 516, in part as follows:

"*Taking into account the total family relationship,* the probable dependency of the mother upon David, and the loss *to the family group of the life of David*

*over a useful lifetime,* we do not find the verdict
excessive." (Emphasis supplied.)

The award of damages for loss of companionship
caused by the unlawful death of an adult daughter
and an adult son, ruled as proper in the *Currie* and
*Reisig Cases,* together with the quote from the
*Heider Case* indicates to this Court, that the unlaw-
ful death of any member of a family unit *with prov-
able loss of companionship present,* is actionable
and included in the term "pecuniary injury" con-
tained in the death act as construed in the *Wycko,
Currie, Heider* and *Reisig Cases.*

A family unit, including all of its members,
whether living under the same roof or not, is still
a family unit. As a rule, parents as they grow
older acquire more wisdom and appreciation for
their children, grandchildren, and the family unit.
This enables them to exert through their concern,
love, and companionship valuable guidance to the
other members of the family, and strengthen the
effective service of the family as a unit. The unlaw-
ful taking of the life of one of the members of a
well-knit and close family unit, where love, and
concern, abounds, severs this unit, with resulting
pecuniary injury to the survivors. For such loss
the survivors have an action under the death act.

In 74 ALR 11, 72, there appears under the title
of "Sentimental" losses, including mental anguish,
loss of society, and loss of marital, filial, or parental
care and guidance, as elements of damages in action
for wrongful death, the following:

"Sometimes the pecuniary value of the lost com-
fort, society, protection, and companionship of the
deceased is held a proper element of damage, at
least where the particular statute allows such dam-
ages as, *under all the circumstances, may be fair and
just."* (Emphasis supplied.)

Cited thereunder are cases from the Federal courts and 17 States: California, Florida, Georgia, Idaho, Louisiana, Maryland, Mississippi, Missouri, Montana, Nebraska, Oklahoma, Pennsylvania, South Carolina, Utah, Virginia, Washington, and Wisconsin.

We find no error in the trial judge's submitting to the jury in each case for assessment of damages "loss of love, affection, and companionship on behalf of decedents' six children during the remainder of both Mr. and Mrs. Westfall's life expectancy."

In considering the appellant's second claimed error, that of submitting the question of the loss of "consortium," we turn to the jury instructions of the learned trial judge, *viz:*

"Now, we get into this other area, the loss of companionship and services of the wife, which is a compensable item.

"If you find for the plaintiff, because Mrs. Westfall dies shortly after the accident, Mr. Westfall was deprived of such companionship, services and love and affection,—

"If you so find, you are entitled to bring in such a figure as you claim that—which he is entitled, to the estate.   *   *   *

"The estate is entitled to recover the pecuniary value of such companionship in the same amount as you would award to Mr. Westfall, if he had survived. Consequently, you should include in any judgment for the plaintiff, as administrator of Mr. Westfall's estate, such sum as is reasonable or compensable for Mr. Westfall's loss of companionship of his wife, the love and affection, during such 7-1/2-day period."

It has been the law in Michigan for a number of years that in an action under the death act, as amended, for damages arising because of the death of the wife, the husband is entitled to recover for

the loss of her services. *Gorton* v. *Harmon* (1908),
152 Mich 473 (15 Ann Cas 461); *Crook* v. *Eckhardt*
(1937), 281 Mich 703; *Stuive* v. *Pere Marquette R.
Co.* (1945), 311 Mich 143; *Grimes* v. *King* (1945),
311 Mich 399; *Zolton* v. *Rotter* (1948), 321 Mich 1;
and *In re Olney's Estate* (1944), 309 Mich 65.

We have just ruled that adult children may re-
cover from the tort-feasor for the unlawful death
of a parent where loss of love, companionship, and
guidance have been proven. This, upon the premise
and with the spirit, expressed in the opinion of
*Wycko* v. *Gnodtke, supra.* The same elements of
pecuniary injury plus loss of services of the wife
during the 7-1/2 days that the husband survived
her were also submitted as proper to be considered
by the jury as a loss to the husband in assessing
damages.

In *Burns* v. *Van Laan* (1962), 367 Mich 485, Mr.
Justice SOURIS in a concurring opinion stated on pp
501, 502, in part:

"The question now is, should we acknowledge that
the same loss of consortium, differing only in degree
because death has made it permanent, can be rec-
ompensed likewise where damages are sought under
the statute for wrongful death? That question is
ours to answer as well as the legislature's, for noth-
ing yet in the wrongful death act, except as we
construe it, bars recovery for such losses. * * *

"There is precedent from other jurisdictions, as
well as the logic of consistency, to support the con-
clusion that damages may be recovered in behalf of
a surviving spouse in a death action for the pecu-
niary value of the loss of such noneconomic interests
of a marriage as are known within the concept of
consortium. See *Beeson* v. *Green Mountain Gold
Mining Co.* (1880), 57 Cal 20; *Newton* v. *Thomas*
(1955, 1956), 137 Cal App 2d 748, 769 (291 P2d 503,
516); *Spangler* v. *Helm's New York-Pittsburgh
Motor Express* (1959), 396 Pa 482 (153 A2d 490);

*Vines* v. *Arkansas Power & Light Co.* (1960), 232 Ark 173 (337 SW2d 722); *Continental Bus System, Inc.*, v. *Toombs* (Tex Civ App 1959), 325 SW2d 153, 167; *Nichols* v. *United States Fidelity & Guaranty Co.* (1961), 13 Wis 2d 491 (109 NW2d 131); *Johnson* v. *Charleston & Western Carolina R. Co.* (1959), 234 SC 448 (108 SE2d 777); *Complete Auto Transit, Inc.*, v. *Floyd* (CCA 5, 1958), 249 F2d 396, relying upon *Blue's Truck Line, Inc.*, v. *Harwell* (1938), 59 Ga App 305, 310 (200 SE 500, 502); *Hall* v. *Gillins* (1958), 13 Ill 2d 26 (147 NE2d 352); and *Moss* v. *Hirzel Canning Co.* (1955), 100 Ohio App 509 (137 NE2d 440). There are other cases, many others. See West's General Digest (3d ser) and its 6 decennial digests under the heading Death, § 88. See, also, 74 ALR 11, particularly section VI b, at p 72 *et seq.*, and supplements."

To give full meaning to the term "pecuniary injury" as contained in the death act as we interpret the spirit of the decisions of our Supreme Court in the *Wycko, Currie,* and *Heider Cases,* and consonant with the intent of *Reisig* v. *Klusendorf, supra,* we conclude that recovery of damages for loss of society and companionship of a husband or wife under the death act is includable and proper.

*Burns* v. *Van Laan, supra,* is authority also, for the rule of law that a decedent's personal representative is exclusively entitled to recover all damages, and a widow is not entitled to a separate action for "consortium," but it must be recovered if at all, in the personal representative's suit brought on behalf of the deceased husband for the unlawful death.

The two cases, that of Mr. Westfall and Mrs. Westfall, by consent, were joined for trial, submitted to the same jury, and the loss to the husband for care and services, love and companionship of the wife for the 7-1/2 days that Mr. Westfall survived Mrs. Westfall, was only included once. This

Court finds that, although under *Burns* v. *Van Laan, supra,* the submission of the said claimed loss should have been in Mrs. Westfall's case, no prejudicial error has resulted.

Arguendo, the same persons will share in each case, thereby precluding any harm to plaintiffs or defendant.

Error to be reversible must be prejudicial. *Anthony* v. *Cochrane* (1940), 295 Mich 386; *Murchie* v. *Standard Oil Company* (1959), 355 Mich 550; *Britten* v. *Updyke* (1959) 357 Mich 466. See, also, CLS 1961, §§ 600.2301, 600.2315 (Stat Ann 1962 Rev §§ 27A.2301, 27A.2315), and GCR 1963, 529.1.

Judgments affirmed. Costs to appellees.

BURNS, P. J., and McGREGOR, J., concurred.