THIEDE v. G. D. SEARLE & CO.

1. Workmen's Compensation—Department of Labor and Industry—Jurisdiction—Contract of Employment.

   Hearing and determination of controversy between employee's widow and employer *held*, within jurisdiction of department of labor and industry regardless of *where* contract of hire had been made, where both plaintiff and deceased were residents of this State, he had been under contract of hire as a salesman, traveling exclusively within this State for foreign corporation which had been admitted to do business within this State and had elected to become subject to the workmen's compensation act of this State, and fatal injuries were received here (2 Comp. Laws 1929, §§ 8411, subd. 2, 8412; § 8413, as amended by Act No. 58, Pub. Acts 1931).

2. Same — Traveling Salesmen — Hotel Fire—Injuries Arising in Course of and Out of Employment.

   Fatal injuries received by traveling salesman at a fire in hotel where he was staying as required by his position, his territory being divided into various routes and employer contemplated it would take a week to cover each route and record sustains finding of department that staying in the hotel was not for salesman's own personal enjoyment, pleasure or entertainment, *held*, to have arisen in the course of and out of the employment, such condition of the employment being the proximate cause of the fatal injury.

Appeal from Department of Labor and Industry. Submitted October 21, 1936. (Docket No. 86, Calendar No. 39,004.) Decided December 8, 1936.

Nellie Thiede, widow of F. C. Thiede, presented her claim against G. D. Searle & Company, deceased's employer, and Travelers Insurance Company, insurer, for accidental injuries causing death

of F. C. Thiede.   Award to plaintiff.   Defendants
appeal.   Affirmed.

*Alexander, McCaslin & Cholette,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendants.

TOY, J.   Defendants appeal by certiorari from an
award made in favor of plaintiff by the department
of labor and industry, granting compensation for the
death of her husband, Dr. Thiede, which resulted
from injuries he rceived when the Kerns Hotel in
Lansing was destroyed by fire in the early morning
of December 11, 1934.

Dr. Thiede, at the time of the fire, was employed
by defendant G. D. Searle & Company, an Illinois
corporation, as its traveling salesman in a desig-
nated territory exclusively in Michigan, which in-
cluded the entire State with the exception of De-
troit.   He and one other salesman were the only two
employees of such company in Michigan.   His em-
ployment commenced May 15, 1933, and continued
until his injuries.   His territory in Michigan was
divided into seven routes which he was required to
canvass.   One route included Lansing and nearby
territory.   On the occasion of the hotel fire the de-
ceased was in Lansing, covering that particular
route, which was at the request and direction of his
employer and in its interest.   The testimony indi-
cated that deceased stopped at the Kerns Hotel in
furtherance of his employment and that the neces-
sity thereof was recognized by his employer.   The
causes of death were shock, partial suffocation from
smoke, broken bones and internal injuries sustained
when deceased, in his attempt to escape the fire,
leaped from the third story of the hotel.

Appellants contend on appeal, that there is no liability because: 1. The contract of hire had its inception in Illinois, and that the compensation, if any, must be sought under the Illinois compensation law; that because of this situation the Michigan department of labor and industry had no jurisdiction. 2. That the accidental injury resulting in decedent's death did not arise out of nor in the course of his employment.

We find no merit in the first contention. The defendant, at the hearing below, admitted that it had elected to become subject to the Michigan compensation act. It admitted that it had only two employees in Michigan, one of whom was decedent. His injury occurred while employed in the State, after the employer's election to become subject to the act. 2 Comp. Laws 1929, § 8411, subd. 2, designates whom shall be constituted employers *"subject to the provisions of this act,"* as follows:

"Every * * * *corporation* * * * who has any *person* in service under *any contract of hire,* * * * and who, at or prior to the time of the accident to the employee for which compensation * * * may be claimed, shall in the manner provided in the next section, have elected to become subject to the provisions of this act." (italics ours).

The next section of the act, section 8412, provides:

"SEC. 6. Such election on the part of the employers mentioned in subdivision two of the preceding section, shall be made by filing with the industrial accident board,† * * * a written statement to the effect that such employer accepts the provisions of this act * * * to cover and protect *all employees*

† The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—REPORTER.

employed in any and all of his businesses, including all businesses in which he may engage and *all employees* he may employ while he remains under this act.'' (italics ours).

The act (section 8413, as amended by Act No. 58, Pub. Acts 1931) defines an employee as

''Every person in the service of another, under any contract of hire, express or implied.''

Furthermore it conclusively appears that the contract of employment, even if executed in the State of Illinois, was entered into with the definite understanding between the parties that the employment was to be performed exclusively within the State of Michigan. The deceased employee was a resident of this State; so also is his dependent widow, the plaintiff herein.

The deceased was under a contract of hire and by reason of his employer's election to become subject to the act, he, the employee, became covered and protected by the act. It therefore makes no difference *where* the contract of employment was made. The defendant having elected to come under the act, the department of labor and industry had jurisdiction to hear and determine the matter.

Nor are we in accord with appellants in their second contention as above outlined. The department found, and the record sustains such finding, that:

''Deceased was in Lansing at the request and direction of his employer, this defendant, and in the interest of the defendant as its salesman. It was shown from the testimony that defendant expected and required its employees to stop at hotels and that this was customary in the conduct of its business. Deceased did the usual and natural thing in the

course of his employment in lodging himself for the night at a hotel. There is no testimony that deceased used the hotel for his own personal enjoyment, pleasure or entertainment.''

The sales manager of the employer corporation testified that decedent's territory was divided into seven routes, and that the employer contemplated that it would take one week to cover each route; further that:

''*Q.* So that in order to cover his route in one week it would be necessary for him to stay in various towns?

''*A.* Yes, sir.

''*Q.* And you knew and recognized the fact that in staying in the various towns it was necessary for the salesmen to stop at hotels?

''*A.* Yes, sir.''

Counsel for both parties cite us many cases of other courts, relating to similar accidental injuries, with their respective *pro* and *con* decisions. But we do not find it necessary to seek further than our own decisions for controlling precedent. We think our holding in *Widman* v. *Murray Corp. of America,* 245 Mich. 332, by analogy, applies with equal force to the case at bar. There the plaintiff had been sent, by his employer, on a business trip and, while sitting on the observation platform of a passenger train, was hit in the eye by a cinder. The defendant there claimed that the injury did not arise out of the employment. We said:

''It was a condition of his employment that he (plaintiff) should be on this train, which turned out to be a place of danger. The risks to which he was exposed from riding on trains from place to place as he was directed were incidental to his employ-

ment. He was required to ride on trains in the performance of his master's business. This condition of the employment was the proximate cause of his injury. These undisputed facts fix the responsibility of the defendant.''

In the instant case, it was a condition of decedent's employment that he should stay at the hotel, which turned out to be a place of danger. The risks to which he was exposed in staying at hotels as required by his position were incidental to his employment. He was required to stay at a hotel in Lansing in the performance of his master's business. This condition of the employment was the proximate cause of his injury. These undisputed facts fix the responsibility of the defendants. See *Massie* v. *City of Bessemer*, 275 Mich. 383, and cases therein cited.

The award is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.