CONOVER *v.* RUST ENGINEERING CO.

1. WORKMEN'S COMPENSATION—DEPARTMENT OF LABOR AND INDUSTRY—JURISDICTION—CONTRACT OF EMPLOYMENT.

   Determination of controversy between dependents and employer *held*, within jurisdiction of department of labor and industry regardless of *where* contract of hire had been made, where fatal accident occurred in this State while decedent, a nonresident, was constructing a chimney for defendant employer which had elected to come under the provisions of the workmen's compensation act of this State and plaintiff widow and children, nonresidents, are dependents of the deceased employee (2 Comp. Laws 1929, §§ 8411, subd. 2, 8412).

2. SAME—WIDOW AND CHILDREN—DEPENDENTS.

   Record *held*, to show deceased's widow and three minor children are dependents of deceased employee within the meaning of workmen's compensation act.

Appeal from Department of Labor and Industry. Submitted January 15, 1937. (Docket No. 40, Calendar No. 39,235.) Decided March 1, 1937.

Desmond D. Conover, widow, and her three minor children presented their claim against Rust Engineering Company, employer, and Hartford Accident & Indemnity Company, insurer, for compensation for death of husband and father while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*William C. Brown,* for plaintiffs.

*Clifford A. Mitts, Jr.,* (*Robert A. May,* of counsel), for defendants,

SHARPE, J.   Defendants appeal by certiorari from an award made in favor of plaintiffs by the department of labor and industry granting compensation for the death of James L. Conover, husband and father of plaintiffs.   The facts are not in dispute and are as follows: Some considerable time prior to the death of plaintiffs' decedent, the defendant company entered into a contract in Pittsburgh, Pennsylvania, with decedent whereby decedent was to build chimneys for defendant company wherever directed.   Following this agreement decedent constructed chimneys in several cities in the United States and Canada; and while assisting in the erection of a chimney in Cincinnati, Ohio, he received instructions from the home office to proceed to Muskegon, Michigan, to take charge of the construction of a chimney at that place.   When deceased arrived in Muskegon he hired three local men to help him on the job and while so employed, on December 8, 1934, deceased sustained a fatal accident.   The wages of deceased were $51 per week.   The defendant company had elected to come under the provisions of the Michigan workmen's compensation act and paid the premiums on pay-rolls to the insurance carrier, although the premium covering the pay-roll in the State of Michigan was actually paid after the death of deceased and included the wages received by deceased.

On July 27, 1936, the department of labor and industry made an award of $18 per week from December 8, 1934, for 300 weeks in addition to the $200 award for burial expenses.   Defendants appeal and contend, that deceased being a resident of Colorado at the time of his employment in Michigan and having heretofore entered into a contract with defendant company in Pennsylvania and while work-

ing temporarily in Michigan suffers a fatal accident, that the department of labor and industry is without jurisdiction to make an award of compensation.

In the case at bar the injury to deceased occurred while he was employed in this State after his employer had elected to become subject to the act. 2 Comp. Laws 1929, § 8411, subd. 2, designates who shall be constituted employers.

"Every * * * corporation * * * who has any person in service under any contract of hire, * * * and who, at or prior to the time of the accident to the employee for which compensation * * * may be claimed, shall in the manner provided in the next section, have elected to become subject to the provisions of this act."

And 2 Comp. Laws 1929, § 8412, provides:

"Such election on the part of the employers mentioned in subdivision two of the preceding section, shall be made by filing with the industrial accident board† * * * a written statement to the effect that such employer accepts the provisions of this act * * * to cover and protect all employees employed in any and all of his businesses, including all businesses in which he may engage and all employees he may employ while he remains under this act."

In Thiede v. G. D. Searle & Co., 278 Mich. 108, Mr. Justice Toy, speaking for the court, said:

"The deceased was under a contract of hire and by reason of his employer's election to become subject to the act, he, the employee became covered and protected by the act. It therefore makes no difference where the contract of employment was made. The defendant having elected to come under the act,

---

† The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—Reporter.

the department of labor and industry had jurisdiction to hear and determine the matter.''

The act does not permit an employer to limit the number of its employees who may become subject to its provisions, it speaks in terms of ''all employees he may employ while he remains under this act.''

The record shows that deceased's widow and three minor children are dependents of the deceased employee.

The award is affirmed, with costs to plaintiffs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.