DANIELS *v.* TRAILER TRANSPORT COMPANY.

1. WORKMEN'S COMPENSATION—JURISDICTION OF COMMISSION—OUT-OF-STATE INJURIES.

The jurisdiction of the workmen's compensation commission for out-of-State injuries is limited by the workmen's compensation act to injuries to employees who are residents of this State at the time of injury and whose contract of hire was made in this State (CL 1948, § 413.19).

2. SAME—OUT-OF-STATE INJURY TO NONRESIDENT—JURISDICTION.

Award of compensation by Michigan workmen's compensation commission to resident of Illinois who was hired in Texas and injured in Tennessee exceeded statutory jurisdiction of the commission (CL 1948, § 413.19).

3. SAME—OUT-OF-STATE INJURIES TO NONRESIDENT—AGREEMENT—VOLUNTARY PAYMENT UNDER LAW OF STATE WHERE INJURY OCCURRED.

Voluntary payment by employer for injuries to its employee, a resident of Illinois who had been hired in Texas, pursuant to Tennessee law was not an inconsistent defense to claim

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 58 Am Jur, Workmen's Compensation, § 68 *et seq.*
[1–5] Extraterritorial operation of workmen's compensation statutes; conflict of laws. 3 ALR 1351; 18 ALR 294; 28 ALR 1347; 45 ALR 1234; 59 ALR 738; 82 ALR 718; 90 ALR 119.
[3] Voluntary payment of compensation under statute of one State as bar to claim or ground for reduction of claim of compensation under statute of another State. 8 ALR2d 628.
[4, 5] 58 Am Jur, Workmen's Compensation, § 389 *et seq.*
[4, 5] Construction and effect of provision of workmen's compensation act as to "waiver" or "compromise" of claims. 65 ALR 160.
[4, 5] Validity of agreement by injured employee that employer shall have benefit of workmen's compensation. 96 ALR 1019.
[4, 5] Workmen's Compensation: Character or status of right or claim within provision of act requiring or authorizing approval by the court or commission of settlement or compromise. 153 ALR 285.

of nonliability for such injury under Michigan workmen's compensation act notwithstanding agreement of employee to become subject to and bound by the Michigan workmen's compensation act, where such latter act did not authorize payment of compensation for an out-of-State injury under such circumstances (CL 1948, § 413.19).

4. SAME—RESPONSIBILITIES AND BENEFITS NOT ENLARGED OR DIMINISHED BY AGREEMENT OF THE PARTIES.

Responsibilities and benefits provided under the workmen's compensation act cannot be enlarged or diminished by agreement of the parties.

5. SAME—JURISDICTION—EXTENSION BY AGREEMENT.

Employer was not estopped from asserting nonliability for Tennessee injury to resident of Illinois who had been hired in Texas because employee had signed election to become subject to and bound by the Michigan workmen's compensation act where such act did not empower the workmen's compensation commission to award compensation for an out-of-State injury to a nonresident hired in a third State as the jurisdiction of the Michigan workmen's compensation commission cannot be extended by agreement.

Appeal from Workmen's Compensation Commission. Submitted April 4, 1950. (Docket No. 1, Calendar No. 44,489.) Decided May 18, 1950.

LeRoy Daniels presented his claim for compensation against Trailer Transport Company, employer, and Pacific Employers Insurance Company, insurer, for injuries suffered while in its employ. Award to plaintiff. Defendants appeal. Reversed.

*Jennings, O'Neil & Jarvis (Kelley, Sessions & Kelley, of counsel), for plaintiff.*

*Buell Doelle,* for defendants.

SHARPE, J. Leave having been granted, defendants appeal from an award of the workmen's com-

pensation commission entered March 17, 1949, granting plaintiff compensation and medical expenses.

The essential facts are not in dispute. Plaintiff, a resident of the State of Illinois, was invited by an employee of defendant company to come to Texas for the purpose of securing employment. Plaintiff went to Texas and secured employment with defendant, Trailer Transport Company, as an axle man.

Defendant company had its home office in Michigan, but was engaged in operations in different States. When plaintiff entered into employment with defendant company he signed an "Addition to Payroll" form which reads as follows:

"I hereby agree to comply with all the requirements and regulations of the Interstate Commerce Commission, the insurance companies, and Trailer Transport Company. I also elect to become subject to, and bound by, the provisions of the workmen's compensation law of the State of Michigan."

Following his employment, plaintiff worked for defendant company in New Jersey, Pennsylvania, Maryland, Mississippi, Florida, and Tennessee where he was severely injured during the course of his employment on September 26, 1946.

Compensation benefits under the Tennessee workmen's compensation law were voluntarily paid to plaintiff. On September 24, 1947, plaintiff filed a claim for compensation in Michigan. On March 17, 1949, the commission awarded plaintiff compensation at the rate of $21 per week for permanent total disability less credit for compensation paid under the Tennessee act.

In an opinion filed, the commission stated:

"The defendant is subject to our act. Furthermore, it has agreed to be bound by the provisions of our act in the event of injury to the plaintiff. The provisions of our act covering all employees under

'any contract of hire' of every employer subject to the provisions of our act are broad enough to cover the plaintiff's injury. The contractual agreement of the parties deprived the plaintiff of the right of a negligence action for damages and therefore satisfied the requirement of our act that the recovery of compensation benefits 'shall be the exclusive remedy against the employer.' The defendant is estopped from denying the applicability of the Michigan workmen's compensation law when it has agreed to be bound thereby and when by virtue of such agreement the plaintiff has been deprived of a valuable right."

Plaintiff urges that neither the residence of the employee, the place or State of hiring, nor the place or State of injury is controlling; and that the Michigan compensation act is sufficiently broad and comprehensive to confer jurisdiction upon the Michigan compensation commission to render the award in question.

In support of this claim plaintiff relies upon the following provisions in parts 1 and 2 of the workmen's compensation act (PA 1912 [1st Ex Sess], No 10, as amended by PA 1943, No 245) which he contends are controlling:

Part 1, § 2, of which provides in part:

"On and after the effective date of this section, every employer, public and private, and every employee, unless herein otherwise specifically provided, shall be subject to the provisions of this act and shall be bound thereby." (CL 1948, § 411.2 [Stat Ann 1949 Cum Supp § 17.142].)

Part 1, § 5, which provides in part:

"The following shall constitute employers subject to the provisions of this act: * * *

"Private. 2. Every person, firm and private corporation, including any public service corporation, who has any person in service under any contract of

hire, express or implied, oral or written." (CL 1948, § 411.5 [Stat Ann 1949 Cum Supp § 17.145].)

Part 2, § 1, which provides in part:

"An employee, who receives a personal injury arising out of and in the course of his employment by an employer who is at the time of such injury subject to the provisions of this act, shall be paid compensation in the manner and to the extent hereinafter provided." (CL 1948 § 412.1 [Stat Ann 1949 Cum Supp § 17.151].)

Plaintiff also urges that section 19 of part 3 of the act does not purport to define and fix the rights and liabilities of employers and employees, but is only a portion of the procedural part of the act.

Part 3, § 19 of the act (CL 1948, § 413.19 [Stat Ann § 17.193]) which was added by PA 1921, No 173 to the original act (PA 1912 [1st Ex Sess], No 10) has remained unchanged in its original language and provides:

"The industrial accident board* shall have jurisdiction over all controversies arising out of injuries suffered without the territorial limits of this State, in those cases where the injured employee is a resident of this State at the time of the injury, and the contract of hire was made in this State, and any such employee or his dependents shall be entitled to the compensation or death benefits provided by this act."

Defendants rely upon the above section of the compensation act in support of their claim that the workmen's compensation commission has jurisdiction over out-of-State injuries only where the injured employee is a resident of Michigan at the time of the injury and the contract of hire was made in

---

* The powers and duties of the industrial accident board are now transferred and vested in the workmen's compensation commission. CL 1948, § 408.6 (Stat Ann 1949 Cum Supp § 17.6[6]).—REPORTER.

Michigan. The only decision in Michigan after the effective date of PA 1943, No 245 (compulsory act) which considers the extra-territorial operation of the workmen's compensation act is *Cline* v. *Byrne Doors, Inc.,* 324 Mich 540 (8 ALR2d 617). This case, however, does not decide the issue in the case at bar, but we there said:

"Under the provisions in the Michigan statute on which plaintiff relies, his right to compensation depends on whether he was employed by virtue of a contract of hire made in this State."

In the above case compensation was awarded because plaintiff was a Michigan resident working for a Michigan employer under a contract of hire made in this State. In the case at bar plaintiff is a resident of Illinois, the contract of hire was made in Texas and the injury suffered was in Tennessee.

In our opinion the legislature has established the boundary, and limits the jurisdiction of the commission for out-of-State injuries. The facts in the case at bar do not bring plaintiff within the provisions of the act, hence, the compensation commission exceeded its jurisdiction in making the award.

It is also urged that defendant company is estopped to deny the applicability of the Michigan workmen's compensation act as prior to hiring the employer and employee contracted in writing "to comply with all the requirements and regulations of * * * Trailer Transport Company" and "to become subject to, and bound by, the provisions of the workmen's compensation law of the State of Michigan."

This claim is based upon the theory that the contractual agreement of the parties deprived the plaintiff of the right of a negligence action for damages and therefore satisfied the requirements of the Michigan act that the recovery of compensation

benefits "shall be the exclusive remedy against the employer." It should be noted that the employer was already bound by the provisions of the Michigan act as to all injuries to claimants within the jurisdiction of the commission by virtue of PA 1943, No 245. Moreover, defendants by voluntarily paying compensation to plaintiff in the State of Tennessee are not, by virtue of such action, asserting an inconsistent defense in the case at bar. We, therefore, hold that the responsibilities and benefits provided under the act cannot be enlarged or diminished by agreement of the parties. It follows that the jurisdiction of the commission cannot be extended by agreement.

The award is vacated, with costs to defendants.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.