## EDWARDS v CLINTON VALLEY CENTER

Docket No. 72237. Submitted February 23, 1984, at Lansing.—Decided October 15, 1984. Leave to appeal applied for.

Frances Jean Edwards was found stabbed to death in her apartment. A purse with identification belonging to Wilma Gilmore was found underneath the body. Ms. Gilmore, a former patient at Clinton Valley Center, a state mental facility, had presented herself to the City of Pontiac Police Department six days before the discovery of Ms. Edwards' death and told the police that she was going to kill someone. The police transported her to Clinton Valley Center, but the hospital refused to admit her. Four days thereafter, Gilmore again presented herself to the City of Pontiac Police Department and told the police that she was going to kill someone. The police told her to leave the building. Two days later, Ms. Edwards was found stabbed to death. Benjamin Edwards, personal representative of the estate of Frances Jean Edwards, deceased, filed suit against Clinton Valley Center in the Court of Claims alleging, *inter alia,* negligence and malpractice. Defendant moved for summary judgment on the basis of governmental immunity. The court, Jack W. Warren, J., granted the motion. Plaintiff appeals. *Held:*

The Court of Appeals is bound by the rule of stare decisis to follow decisions of the Michigan Supreme Court, even where the Court of Appeals disagrees with the Supreme Court's decision. The Supreme Court has ruled that governmental immunity for tort liability extends to the day-to-day care public mental hospitals provide. For that reason and that reason only the *order of summary judgment is affirmed.*

Affirmed.

1. COURTS — STARE DECISIS — COURT OF APPEALS — SUPREME COURT.

The Court of Appeals is bound by the rule of stare decisis to follow decisions of the Michigan Supreme Court, even where the Court of Appeals disagrees with those decisions.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 201.

[2] 40 Am Jur 2d, Hospitals and Asylums §§ 2, 20 et seq.

2. STATES — HOSPITALS — MENTAL HEALTH — TORTS — GOVERNMEN-
   TAL IMMUNITY.
   Governmental immunity for tort liability extends to the day-to-
   day care public mental hospitals provide.

*Rifkin & Kingsley, P.C.* (by *Alan F. Giles),* for
plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *George L. McCargar*
and *Craig Atchinson,* Assistants Attorney General,
for defendant.

Before: BRONSON, P.J., and R. B. BURNS and R. L.
BORSOS,* JJ.

BRONSON, P.J. Plaintiff appeals as of right from
an order of summary judgment, GCR 1963,
117.2(1), granted by the Court of Claims, dismiss-
ing plaintiff's negligence suit against defendant on
the basis of governmental immunity, MCL
691.1407; MSA 3.996(107).

Under the rule of stare decisis, this Court is
bound to follow decisions of the Michigan Supreme
Court, even if we disagree with them. *Schwartz v
Flint (After Remand),* 120 Mich App 449, 462; 329
NW2d 26 (1982). The rule of stare decisis, founded
on considerations of expediency and sound princi-
ples of public policy, operates to preserve har-
mony, certainty, and stability in the law. *Parker v
Port Huron Hospital,* 361 Mich 1, 10; 105 NW2d 1
(1960). However, the rule "was never intended to
perpetuate error or to prevent the consideration of
rules of law to be applied to the ever-changing
business, economic, and political life of a commu-
nity". *Id.*

In *Perry v Kalamazoo State Hospital,* 404 Mich
205; 273 NW2d 421 (1978), *reh den* 406 Mich 1118

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1979), *cert den* 444 US 804; 100 S Ct 24; 62 L Ed 2d 17 (1979), the majority of the Supreme Court held that governmental immunity for tort liability extends to the day-to-day care public mental hospitals provide. An attempt to distinguish the instant case from *Perry* could not possibly withstand logical or honest analysis. As a member of the Court of Appeals, I am obligated to follow the decisions of our higher court. For that reason, and that reason alone, the order of summary judgment is affirmed.

I feel compelled, however, to register my fundamental disagreement with the result adopted by the *Perry* majority.[1] I am much more inclined to follow the narrow interpretation of governmental immunity advanced by the dissenters, Justices Kavanagh, Levin, and Fitzgerald, *i.e.,* because the operation of a mental hospital is not an activity which can be done only by the government, it is not a governmental function within the meaning of MCL 691.1407; MSA 3.996(107), and, therefore, a mental hospital should not be immune from liability for its torts.

If ever a factual situation invited reconsideration of the wisdom of a broad interpretation of what is, in the first place, an archaic doctrine, it is presented in the instant case. The Pontiac police bring Wilma Gilmore to the state-operated Clinton Valley Center. Gilmore threatens to kill someone. Gilmore had been previously institutionalized at the center. The center refuses to admit Gilmore. Four days later, Gilmore once again goes to the police and repeats her homicidal threats. She is

---

[1] I have expressed my views on this subject in several other opinions. See *Ross v Consumers Power Co,* 93 Mich App 687; 287 NW2d 319 (1979), aff'd 415 Mich 1 (1982); *Churilla v East Detroit School Dist,* 105 Mich App 32; 306 NW2d 381 (Bronson, J., *dissenting);* *Trezzi v Detroit,* 120 Mich App 506; 328 NW2d 70 (Bronson, J., *concurring in part and dissenting in part), lv gtd* 417 Mich 935 (1983).

told to leave. Two days later, Gilmore enters the apartment of Jean Edwards and fatally stabs her in the arms, throat, and abdomen. Of note is that nowhere in the record does the center offer a reason for its refusal to admit Gilmore.

I fail to see how summarily relieving the hospital of responsibility for such obvious gross negligence, without requiring of it even the slightest explanation, serves any viable public interest or protects the people of our state. Instead, it harshly imposes the entire risk of the center's negligence on Jean Edwards and her family. The time has come for either the Legislature or our Supreme Court to preserve and promote justice by modifying the the doctrine of governmental immunity.

Affirmed.