BOYD v W G WADE SHOWS

Docket No. 93145. Argued May 5, 1993 (Calendar No. 11). Decided August 31, 1993.

Esther Boyd, widow of Willie Boyd, sought workers' compensation benefits arising from the injury and the death of her husband while in the course of his employment with W. G. Wade Shows. The claim was submitted on stipulated facts that Willie Boyd was an Illinois resident, that he had entered into an employment contract in Michigan, and that while employed he sustained personal injury and death in Indiana. A magistrate dismissed the claim for want of jurisdiction, and the Workers' Compensation Appellate Commission affirmed. The Court of Appeals, GRIBBS, P.J., and GILLIS and WAHLS, JJ., denied the plaintiff leave to appeal (Docket No. 145746). The plaintiff appeals.

In an opinion by Justice MALLETT, joined by Chief Justice CAVANAGH, and Justices LEVIN and BOYLE, the Supreme Court held:

The Bureau of Workers' Disability Compensation has jurisdiction under MCL 418.845; MSA 17.237(845) to hear claims arising from extraterritorial injuries without regard to an employee's residence, provided the contract of employment was entered into in Michigan with a resident employer.

1. Although MCL 418.845; MSA 17.237(845) would appear to limit workers' compensation benefits to state residents, Roberts v IXL Glass Corp, 259 Mich 644 (1932), which interpreted an earlier version of § 845 in pari materia with the provisions of the workers' compensation act defining "employee" and setting forth the scope of the act's coverage, concluded that nonresident employees of Michigan companies are entitled to compensation. The Legislature has acquiesced in the interpretation of § 845 for over sixty years, despite opportunities to amend it. Overruling Roberts would result in a significant gap in coverage that would cause greater injury than allowing it to stand.

2. Intermediate appellate case law to the contrary is not controlling. Roberts has not been overruled by the Supreme Court and remains valid precedent. Although the Court of Appeals may express its belief that a decision of the Supreme Court was wrongly decided or is no longer viable, such conclu-

sions do not excuse a court or agency from applying the precedent to cases before it. In this case, *Roberts* should have been applied by the bureau to find that it had jurisdiction.

Justice BRICKLEY, concurring, stated that although *Roberts* was incorrectly decided, because the Legislature has declined to take any action in reenacting the statute that would indicate disagreement with the interpretation offered in *Roberts,* stare decisis should prevail.

Reversed and remanded.

Justice RILEY, joined by Justice GRIFFIN, dissenting, stated that the plain language of MCL 418.845; MSA 17.237(845) precludes bureau jurisdiction of the plaintiff's claim. The statutory limit of jurisdiction clearly and unambiguously applies to resident employees whose contract of employment was made in Michigan. The definition of employee in MCL 418.161(1)(d); MSA 17.237(161)(1)(d) does not conflict with, but is a part of, the jurisdictional provision. The legal premise of *Roberts* is not persuasive in light of the compulsory nature of the current act.

*Braun, Kendrick, Finkbeiner* (by *Scott C. Strattard* and *Mark I. Domsic*) for the plaintiff.

*John D. Reseigh* for the defendants.

MALLETT, J. The present case involves the extraterritorial jurisdiction of the Bureau of Workers' Disability Compensation. We hold that the bureau has jurisdiction and remand the case for further proceedings consistent with this opinion.

I

The Bureau of Workers' Disability Compensation addressed the current dispute on a brief stipulation of facts that Willie Boyd was an Illinois resident, that he entered into a contract of employment in Michigan, that while executing his duties pursuant to the contract he sustained a personal injury and died in Indiana, and that the injury and death arose out of and in the course of his employment.

Boyd's widow filed a petition for benefits with the bureau. The magistrate dismissed the claim for want of jurisdiction, and the Workers' Compensation Appellate Commission affirmed. The Court of Appeals denied plaintiff's application for leave to appeal, which this Court then granted. 441 Mich 931 (1993).

II

Section 845 of the workers' compensation act grants extraterritorial jurisdiction to the Bureau of Workers' Disability Compensation over claims resulting from injuries that occur outside Michigan.

> The bureau shall have jurisdiction over all controversies arising out of injuries suffered outside this state where the injured employee is a resident of this state at the time of injury and the contract of hire was made in this state. Such employee or his dependents shall be entitled to the compensation and other benefits provided by this act. [MCL 418.845; MSA 17.237(845).]

In addition, the act broadly defines employees covered by the act.

> Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, provided the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act. [MCL 418.161(1)(d); MSA 17.237(161)(1)(d).]

Juxtaposed against these statutory provisions is *Roberts v IXL Glass Corp*, 259 Mich 644; 244 NW 188 (1932), the landmark case interpreting an

earlier version of § 845 and enunciating the Michigan rule of law regarding extraterritoriality. In *Roberts,* the plaintiff contracted for employment in Michigan with a resident corporation. However, he resided, performed all services, and received his injury outside Michigan. The defendant argued that the statutory requirement[1] of residency in the state at the time of the injury limited the jurisdiction of the industry accident board and, for that reason, the board lacked jurisdiction.

This Court disagreed, and concluded that the claimant was entitled to compensation even though he was not a Michigan resident.

> [W]e are satisfied that the reasonable construction and the one necessary to carry out the legislative intent appearing from the whole act is that it covers nonresident as well as resident employees in those cases wherein the contract of employment is entered into in this State with a resident employer.[2]

The Court interpreted the jurisdictional provision in pari materia with the respective statutory provisions broadly defining the term "employee"[3] and

---

[1] 1921 PA 173, amended the statute and added § 19, part III, which currently exists as § 845. 1929 CL 8458 provided:

> The industrial accident board shall have jurisdiction over all controversies arising out of injuries suffered without the territorial limits of this state in those cases where the injured employe is a resident of this state at the time of the injury, and the contract of hire was made in this State, and any such employe or his dependents shall be entitled to the compensation or death benefits provided by this act.

[2] *Roberts, supra* at 648-649.

[3] 1929 CL 8413.

> The term "employe" as used in this act shall be construed to mean . . . [e]very person in the service of another, under any contract of hire, express or implied . . . .

setting forth the scope of the statute's coverage.[4]

> [Defendant's] contention [regarding residency] would come with much, if not controlling, force if it were not in conflict with other portions of the statute. It is quite significant that this recital as to the employee being a resident at the time of injury was embodied by the amendment in the procedural part (part 3) of the act only; but was not inserted in the part of the act (part 1) which defines and fixes the rights and liabilities of employers and employees. . . .  Further, the quoted portion of section 6[5] seems conclusive of the fact that the original enactment was intended to cover "all employees" regardless of residence or the locus of the accident. [*Roberts, supra* at 647.]

This Court further noted that the statute expressly provided for compensation to the dependents of a fatally injured employee regardless of the residence of the dependents. "As a matter of legislative policy it would be quite inconsistent"[6] to deny compensation to an injured employee because he was a nonresident, while awarding compensation to the dependents of a fatally injured employee regardless of residence.

At the time this Court decided *Roberts,* the workers' compensation act was elective, that is, an employer was not automatically subject to the act's provisions. However, the Legislature

---

[4] 1929 CL 8412.

> [S]uch employer accepts the provisions of this act for all his businesses, and to cover and protect all employes employed in any and all of his businesses, including all businesses in which he may engage and all employes he may employ while he remains under this act . . . .

[5] See *Roberts, supra* at 646.

[6] *Id.* at 648.

amended the act in 1943, making it compulsory.[7]
Shortly after the 1943 amendment, this Court
addressed the jurisdictional provision of the act
but failed to mention *Roberts.* See *Cline v Byrne
Doors, Inc,* 324 Mich 540; 37 NW2d 630 (1949);
*Daniels v Trailer Transport Co,* 327 Mich 525; 42
NW2d 828 (1950). The omission of *Roberts* from
the analyses of those cases is fathomable; *Cline*
and *Daniels* are distinguishable from *Roberts* in
that they involved claims for additional benefits
under the act after the employee first obtained
compensation from the state where the injury
occurred.

Some time later, in *Austin v W Biddle Walker
Co,* 11 Mich App 311; 161 NW2d 150 (1968), the
Court of Appeals reaffirmed *Roberts.* Austin was a
Kentucky resident who contracted in Michigan
with a Michigan corporation. Austin worked for a
brief period in Michigan, but was transferred to
Kentucky, where he sustained an injury. The
WCAB found that because the contract of employ-
ment was entered into in Michigan, the board had
jurisdiction pursuant to *Roberts.* The Court of
Appeals affirmed and concluded that statutory
amendments making the act compulsory had no
effect on the holding in *Roberts.*[8] Judge LEVIN
dissented because of his disagreement with the
majority's emphasis on the place of contracting.
Nonetheless, he persuasively asserted that strict
adherence to the residency requirement in § 845 is
neither warranted nor desirable.

> It is now 35 years since *Roberts* was decided.
> Whatever may have been the legislative intention
> at the time of adoption of the residency require-

---

[7] 1943 PA 245.

[8] *Austin, supra* at 315-317.

ment (CL 1948, § 413.19 [Stat Ann 1960 Rev § 17.193]), it would be inappropriate at this late date to attempt to breathe new life into a statutory provision which was aborted so long ago. If the legislature desired to insist on a residency requirement, it could have done so at any time within the last 35 years; it was inferentially invited to do so in *Roberts,* p 649.[9]

Despite the continued vitality of *Roberts* as recognized in *Austin,* the Court of Appeals has begun to interpret § 845 in contravention of *Roberts.* In *Wolf v Ethyl Corp,* 124 Mich App 368; 335 NW2d 42 (1983), the plaintiff was hired in Michigan by a Virginia corporation. Following a transfer to and while working in New York, the plaintiff resided in Connecticut. The plaintiff subsequently sustained injuries in a work-related car accident in New York and filed for disability benefits in Michigan. The WCAB concluded that the plaintiff's nonresidence in Michigan at the time of the accident precluded jurisdiction. The Court of Appeals affirmed and held that the clear and unambiguous language of § 845 requires both that the injured employee be a resident of Michigan at the time of injury and that the employment contract was consummated in Michigan.

> We find that the case of *Roberts v IXL Glass Corp,* 259 Mich 644; 244 NW 188 (1932), which can be read as suggesting a different result, is not applicable to today's modern mandatory workers' compensation scheme. . . . The present statutory scheme has been made mandatory and has been revised and refined. Being bound not to usurp legislative power, see Const 1963, art 3, § 2; *Michigan Harness Horsemen's Ass'n* [*v Racing Comm'r,* 123 Mich App 388; 333 NW2d 292 (1983)], we must

---

[9] *Id.* at 319.

apply the clear legislative mandate of the modern act's jurisdictional provisions.[10]

The Court then retreated from announcing a new bright line rule by limiting the holding to the facts in that case, because "[q]uestions of residency, dual residency or temporary domicile to perform contractual employment must await case-by-case interpretation." *Wolf, supra* at 370.

A few years later, the Court of Appeals followed *Wolf* in a similar case. In *Hall v Chrysler Corp,* 172 Mich App 670; 432 NW2d 398 (1988), reconsideration den 432 Mich 931 (1989), the plaintiff was hired in Michigan and later accepted a transfer to Delaware. While working and residing in Delaware, the plaintiff alleged a disabling personal injury and filed for benefits. The WCAB dismissed the claim for lack of jurisdiction and the Court of Appeals affirmed.

> Because of the different nature of the 1912 Workers' Compensation Act, the *Wolf* Court held the *Roberts* decision to be inapplicable to the plain language of the Michigan WDCA. We agree with the reasoning contained in the *Wolf* decision and find that a person must be a resident of the state at the time of the injury and be subject to the terms of an employment contract entered into in Michigan.[11]

### III

*Wolf* and *Hall* indicate that *Roberts* is no longer controlling because of amendments made in the workers' compensation act after *Roberts* was decided. Specifically, those cases suggest that because

---

10 *Wolf, supra* at 370.
11 *Hall, supra* at 673.

*Roberts* was decided at a time when the act was elective, *Roberts* is no longer valid. However, as the Court of Appeals noted in *Austin,* the relevant portion of the act has remained unchanged. The fact that the act became compulsory subsequent to *Roberts* is irrelevant; the requirements of § 845 have remained intact. Accordingly, *Wolf* and *Hall* may be reduced to the conclusion that *Roberts* is no longer valid precedent because it is "too old."

As the Court of Appeals repeatedly noted, it is the Supreme Court's obligation to overrule or modify case law if it becomes obsolete, and until this Court takes such action, the Court of Appeals and all lower courts are bound by that authority. *Edwards v Clinton Valley Center,* 138 Mich App 312; 360 NW2d 606 (1984); *McMillan v Michigan State Hwy Comm,* 130 Mich App 630; 344 NW2d 26 (1983); *Ratliff v General Motors Corp,* 127 Mich App 410; 339 NW2d 196 (1983); *Schwartz v City of Flint (After Remand),* 120 Mich App 449; 329 NW2d 26 (1982), rev'd on other grounds 426 Mich 295; 395 NW2d 678 (1986). While the Court of Appeals may properly express its belief that a decision of this Court was wrongly decided or is no longer viable, that conclusion does not excuse the Court of Appeals from applying the decision to the case before it. *People v Mitchell,* 428 Mich 364; 408 NW2d 798 (1987). Because this Court has never overruled *Roberts,* it remains valid precedent. The rule of law regarding extraterritorial jurisdiction as expressed in *Roberts* should have been applied by the bureau in the present case.

If the allegedly "out-dated" *Roberts* decision is overruled by this Court, then a significant gap in coverage will exist in this state's compensation scheme. Specifically, all Michigan employees who suffer an out-of-state injury in the course of their employment and who reside in neighboring states

will not be subject to the bureau's jurisdiction.[12] We believe that such a jurisdictional scheme is not only undesirable but also unduly restrictive. As Professor Larson notes,

> In the majority of states, the local statute will be applied if the place of injury, or the place of hiring, or the place of employment relation is within the state. Two-thirds of the states will take jurisdiction of out-of-state injuries if either the place of hiring or the place of employment relation is within the state. These two factors figure in most of the other states in different combinations.[13]

*Roberts* remains an effective means of retaining a fair and consistent scheme for extraterritorial jurisdiction. This Court has stated that a court will not overrule a decision deliberately made unless the Court is convinced not merely that the case was wrongly decided, but also that less injury would result from overruling than from following it. *Dolby v State Hwy Comm'r,* 283 Mich 609; 278 NW 694 (1938). Clearly, because of the gap in

[12] The dissent labels this assertion as "misleading" by narrowly construing the types of employees who fit this description. RILEY, J., *post* at 535. Contrary to the dissent's assertions, our definition of Michigan employee is not reduced solely to one who contracts for employment in Michigan. Many nonresident employees work for resident corporations and perform a great deal of services both in and out of the state. For example, a truck driver or salesman who lives in Toledo, Ohio, and works for a Michigan corporation falls in this category. These transient employees should not be denied workers' compensation simply because they are Ohio residents and were injured in the course of employment while out of the state; they are as much a part of the Michigan system as a resident employee.

[13] 4 Larson, Workmen's Compensation, § 87.00, p 16-67. For an introduction to the different approaches that accompany the place of hiring and place of employment factors, see, e.g., Ala Code 25-5-35; Ariz Rev Stat Ann 23-904A; Ga Code Ann 34-9-242; Hawaii Rev Stat 386-6; Ind Stat Ann 22-3-2-20; Ky Rev Stat 342.670; Md Code Ann 9-203; Minn Stat Ann 176.041; Miss Code Ann 71-3-109; Mont Code Ann 39-71-402; NM Stat Ann 52-1-64; ND Cent Code Ann 65-08-01; Tenn Code Ann 50-6-115; W Va Code 23-2-1a.

coverage that would result, overruling *Roberts* would cause a far greater injury than allowing *Roberts* to stand.

The dissent's assertion that *Roberts* was wrongly decided and contrary to the plain meaning of the statute[14] does not change the fact that the Legislature has acquiesced in extraterritorial jurisdiction as expressed in *Roberts* for over sixty years, despite numerous opportunities in the statutory history of the workers' compensation act to amend § 845. This Court has stated that the doctrine of stare decisis applies with full force to decisions construing statutes or ordinances, especially where the Legislature acquiesces in the Court's construction through the continued use of or failure to change the language of a construed statute. *Consumers Power Co v Muskegon Co,* 346 Mich 243; 78 NW2d 223 (1956).[15] In *Dean v Chrysler Corp,* 434 Mich 655, 664; 455 NW2d 699 (1990), we stated,

> When, over a period of many years, the Legislature has acquiesced in this Court's construction of a statute, the judicial power to change that interpretation ought to be exercised with great restraint. On more than one occasion our Court has quoted with approval the statement that stare decisis "is especially applicable where the construction placed on a statute by previous decisions has been long acquiesced in by the legislature, by its continued use or failure to change the language of the statute so construed, the power to change the law as interpreted being regarded, in such circumstances, as one to be exercised solely by the

---

[14] *Riley, post* at 536.

[15] See *People v Jamieson,* 436 Mich 61, 79; 461 NW2d 884 (1990) ("Under the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction should not be lightly departed"). See also *Abendschein v Farrell,* 382 Mich 510, 517; 170 NW2d 137 (1969).

legislature." [*Consumers Power Co v Muskegon Co,*
346 Mich 243, 251; 78 NW2d 223 (1956), quoting 21
CJS, Courts, § 214, pp 388-390. See also *In re
Clayton Estate,* 343 Mich 101, 107; 72 NW2d 1
(1955)].[16]

We further noted that the principles of stare
decisis are particularly applicable when the Legis-
lature has reenacted the statutory language with-
out change. *Id.* at 665. The Legislature has revised
the WDCA several times but has yet to take any
action that would indicate its disapproval of the
*Roberts* interpretation of § 845. Because of its
failure to amend § 845, the Legislature has ac-
cepted the interpretation of that section given by
this Court in *Roberts* as an important part of the
entire workers' compensation scheme. Thus, we
believe that this Court should not disturb the
*Roberts* interpretation.

IV

We conclude that pursuant to § 845 of the work-
ers' compensation act and *Roberts v IXL Glass
Corp, supra,* the Bureau of Workers' Disability
Compensation shall have jurisdiction over extra-
territorial injuries without regard to the employ-
ee's residence, provided the contract of employ-
ment was entered into in this state with a resident
employer. In the present case, the bureau erred in
failing to find that it had jurisdiction over the

---

[16] Stare decisis is usually the wise policy, because in most
matters it is more important that the applicable rule of law be
settled than that it be settled right. . . . This is commonly true
even where the error is a matter of serious concern, provided
correction can be had by legislation. [*Burnet v Coronado Oil &
Gas Co,* 285 US 393, 406; 52 S Ct 443; 76 L Ed 815 (1932)
(Brandeis, J., dissenting).]

plaintiff's claim. As a result, we remand this case to the bureau for further proceedings consistent with this opinion.

Reversed and remanded.

CAVANAGH, C.J., and LEVIN and BOYLE, JJ., concurred with MALLETT, J.

BRICKLEY, J. Although I concur in the majority's opinion, I write separately to express my agreement with the dissent in one respect. I, too, believe that *Roberts v IXL Glass Corp,* 259 Mich 644; 244 NW 188 (1932), was incorrectly decided. I believe that the dissent is correct in finding that the *Roberts* Court's interpretation of the jurisdictional provision of the WDCA was contrary to the plain meaning of the language of the statute. I also agree that the *Roberts* Court erroneously determined that the definition of employee found in the act conflicted with the jurisdictional provision. However, I concur with the majority because I agree with its determination that, after fifty years of legislative acquiescence, the *Roberts* decision has become ensconced as part of the overall workers' compensation scheme. I believe that the principle of stare decisis prevails over the need to correct an incorrect interpretation of the statute.

In all other respects, I agree with the majority. Accordingly, I concur with its opinion.

RILEY, J. (*dissenting*). In this case we are presented with the issue whether workers' compensation death benefits are available to the widow of a nonresident worker employed in Michigan for work to be performed outside Michigan. Because I believe the plain language of the workers' compen-

sation statute[1] precludes jurisdiction of the bureau
over plaintiff's claim, I would affirm the decision
of the bureau.

I

Plaintiff is the widow of a carnival operator who
was killed in a motor vehicle accident in Indiana.
Plaintiff's decedent was a resident of Illinois and
was employed in Michigan to move a carnival
from Michigan to Mississippi. The Michigan magis-
trate and workers' compensation appellate com-
mission agreed that plaintiff was precluded from
bringing a workers' compensation claim in Michi-
gan. The Court of Appeals denied leave "for lack
of merit in the grounds presented."[2] This Court
granted leave to appeal.

II

The statute defining the limit of the jurisdiction
of the bureau is clear and unambiguous: jurisdic-
tion over controversies arising out of injuries suf-
fered outside Michigan exists where (1) "the in-
jured employee is a resident of this state at the
time of injury *and* [(2)] the contract of hire was
made in this state." MCL 418.845; MSA
17.237(845). The definition of employee, MCL

_____

[1] MCL 418.845; MSA 17.237(845) provides for jurisdiction of the
bureau of workers' compensation over claims

arising out of injuries suffered outside this state where the
injured employee is a resident of this state at the time of the
injury and the contract of hire was made in this state.

[2] Unpublished order of the Court of Appeals, entered January 8,
1992 (Docket No. 145746). Citing as support *Hall v Chrysler Corp,* 172
Mich App 670; 432 NW2d 398 (1988), and *Wolf v Ethyl Corp,* 124
Mich App 368; 335 NW2d 42 (1983).

418.161(1)(d); MSA 17.237(161)(1)(d),[3] does not conflict with the jurisdictional section, but rather is part of that provision. If the worker is not an "employee," as defined by the statute, no question of jurisdiction would arise because the injured party does not come under the workers' compensation act.[4] If the employee satisfies the broad definition in the statute and is injured outside Michigan in the course of his employment, the court must look to MCL 418.845; MSA 17.237(845) to determine whether it may take jurisdiction over the compensation claim. Every employer and employee satisfying the definitional provisions of the act is bound thereby, MCL 418.111; MSA 17.237(111); however, if the jurisdictional provision is not satisfied as well, the act "otherwise specifically provide[s]" that the board shall not have jurisdiction over the claim. As Justice LEVIN noted in his dissenting opinion in *Austin v W Biddle Walker Co,* 11 Mich App 311, 324; 161 NW2d 150 (1968), every employee falling within the broad definition and every contract executed in Michigan, does not fall within the coverage of the workers' compensation statute. MCL 418.845; MSA 17.237(845) declares in unambiguous language that the bureau

[3] Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, provided the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act.

[4] I disagree that a conflict existed in the former act between the definition of employer and employee rights and liabilities and the extraterritorial application of the act. Section seven of part one broadly defined employee. See *Roberts v IXL Glass Corp,* 259 Mich 644, 647; 244 NW 188 (1932). This provision encompasses all employees, even those who contracted for employment outside the state. The Court did not indicate how the place of hire then became a limitation on the definition of employee. As discussed above, satisfaction of the employee definition is the first step to determine whether the workers' compensation act will apply.

will have jurisdiction over out-of-state injuries only where the employee is a Michigan resident and the employment contract was made in Michigan.

No construction is required where the plain language of the statute identifies when an out-of-state injury is within the purview of the Michigan workers' compensation act. See *Owendale-Gagetown School Dist v State Bd of Ed,* 413 Mich 1, 8; 317 NW2d 529 (1982). In MCL 418.845; MSA 17.237(845), the Legislature established the boundaries and limits of the jurisdiction of the Bureau of Workers' Disability Compensation over out-of-state injuries. *Daniels v Trailer Transport Co,* 327 Mich 525, 530; 42 NW2d 828 (1950).[5]

The earlier case of *Roberts v IXL Glass Corp,* 259 Mich 644; 244 NW 188 (1932), however, essentially eliminated the employee residency requirement from the jurisdiction provision. The Court found that the workers' compensation act of 1921 contained inconsistent provisions, essentially the identical provisions existing in the present statute. Part 1 fixed the rights and liabilities of employees and employers. Part 3 was the procedural part of the act and contained the limitation on the jurisdiction of the industrial accident board. *Id.* at 647.[6] Plaintiff in the instant case argues that after the

[5] In *Daniels,* a Michigan employer hired an Illinois resident. The contract for hire was made in Texas and provided for application of Michigan workers' compensation laws. Plaintiff was injured in Tennessee. The trial court granted Michigan workers' compensation benefits, reasoning that because the Michigan employer was covered by the act, the broad employee definition encompassed the plaintiff's claims. This Court reversed, finding that the facts did not bring the plaintiff within provisions of the act defining the board's jurisdiction. Therefore, despite a contract provision requiring application of Michigan workers' compensation law, the workers' compensation commission exceeded its jurisdiction in awarding benefits to plaintiff.

[6] The Court also found peculiar that a nonresident family could recover benefits for the death of a resident worker, but a nonresident worker could not recover benefits. *Id.* I do not find this strange because whether benefits will be awarded depends upon the residency status of the worker, not the status of the worker's family.

decision in *Roberts,* a nonresident employee could receive workers' compensation benefits for an injury suffered out of state where the contract of employment was executed in Michigan.[7]

Subsequent decisions of the Court of Appeals have split in their treatment of *Roberts.* In *Austin, supra* at 314, a majority of the Court of Appeals acknowledged that MCL 418.845; MSA 17.237(845) facially requires the employee to be a Michigan resident and the employment contract to be executed in Michigan. The Court reasoned that it was compelled, however, to follow *Roberts,* hence awarding benefits to a nonresident employee for an injury suffered in Kentucky because the employment contract was executed in Michigan. Judge LEVIN dissented, favoring a case-by-case approach to determinations of Michigan workers' compensation jurisdiction. He reasoned that *Roberts* eliminated § 19 altogether, *id.* at 320, and that the premise of *Roberts* was undermined by the elimination of the optional nature of the workers' compensation statutes and by the elimination of the statutory language regarding an electing employer's agreement " 'to cover and protect all employees employed in any and all of his businesses' . . . ." *Id.* at 327. Judge LEVIN concluded that because the workers' compensation scheme was optional, if an employer chose to take part in the workers' compensation scheme, it created a contract with its employees that followed the employee wherever the employee worked. He further asserted that subsequent Supreme Court

---

[7] Identifying the Michigan statute as the "narrowest type of statute" regarding coverage of out-of-state injuries, Larson declared that *Roberts* rendered a dead letter the residency requirement. 4 Larson, Workmen's Compensation, § 87.12, p 16-71. Larson also noted that *Wolf,* n 2 *supra,* did not explain how the change from an optional to a mandatory act changed the interpretation of this provision. 4 Larson, § 87.12, p 16-71, n 8.

cases rejected the place of contracting as determinative of application of Michigan's workers' compensation scheme.[8]

In *Wolf v Ethyl Corp,* 124 Mich App 368, 370; 335 NW2d 42 (1983), the Court of Appeals rejected *Roberts,* finding it inapplicable to "today's modern mandatory workers' compensation scheme." The Court of Appeals instead determined that *Roberts* applied only to the "earlier, voluntary workers' compensation statute." *Id.* The Court then held that a nonresident plaintiff who contracted for employment in Michigan but was injured in New York could not recover Michigan workers' compensation benefits because the two requirements of MCL 418.845; MSA 17.237(845) were not met. The Court of Appeals in the following cases also applied the unambiguous language of MCL 418.845; MSA 17.237(845) and refused to follow *Roberts'* elimination of the residency requirement. *Hall v Chrysler Corp,* 172 Mich App 670; 432 NW2d 398 (1988) (no benefits were awarded to a nonresident employee injured in Delaware, even though the contract for hire was executed in Michigan); *Bell v F J Boutell Driveaway Co,* 141 Mich App 802; 369 NW2d 231 (1985) (no benefits were awarded to a nonresident employee injured in Ohio); *Jensen v Prudential Ins Co of America,* 118 Mich App 501; 325 NW2d 469 (1982) (no benefits were awarded to a nonresident employee injured in Wisconsin; the

---

[8] Judge LEVIN cited the following cases as evidence that the strength of *Roberts* has been undermined. *Thiede v G D Searle & Co,* 278 Mich 108; 270 NW 234 (1936) (an employee was a resident of Michigan, the contract was executed in Illinois, and the injury occurred in Michigan. The act applied on the basis of significant Michigan contacts); *Conover v Rust Engineering Co,* 279 Mich 16; 271 NW 536 (1937) (the Michigan act applied where a contract was executed in Pennsylvania, the employee was a resident of Colorado, and the employee lost his life in Michigan); *Daniels, supra.*

It is arguable that these cases do not undermine *Roberts* because the out-of-state injury provision only applies where the injuries occurred outside Michigan.

contract for hire was executed in Minnesota, although the job was to be performed primarily in Michigan). I believe that this line of authority properly follows the clear language of the jurisdictional statute.

Other decisions, although involving Michigan resident employees, recognize the two requirements of MCL 418.845; MSA 17.237(845). *Crenshaw v Chrysler Corp,* 394 Mich 513; 232 NW2d 166 (1975) (no benefits were awarded to a Michigan resident injured in Ohio where the contract of employment was executed in Ohio); *Rodwell v Pro Football, Inc,* 45 Mich App 408; 206 NW2d 773 (1973) (benefits were awarded to a Michigan resident employee who was injured in Pennsylvania where the contract for hire was executed in Michigan; the residency of the employer was irrelevant).

The legal premise of the *Roberts* decision is not persuasive in light of the compulsory nature of the present workers' compensation act. The *Roberts* Court reasoned that its construction of the extraterritorial effect of the act was in accord with the construction of other optional compensation acts. *Id.* at 649. An optional act becomes a part of the employment contract when both the employer and the employee choose to be bound by the act's terms. It is arguable that, as with other contract terms such as wages and hours, the terms of the act would therefore follow the employee wherever the employee acted within the scope of his employment. *Id.* at 652; see also *Crane v Leonard, Crossette & Riley,* 214 Mich 218, 231; 183 NW 204 (1921).

Application of the terms of the workers' compensation act is now required by statute, rather than by contract. Both the *Crane* and the *Roberts* Courts recognized the reasoning that distinguishes between these two types of acts.

"[I]t may be stated on the weight of authority that acts not construed to be contractual in character do not, in the absence of unequivocal language to the contrary, apply where the injury occurs outside the State . . . ." [*Crane, supra* at 222, quoting 1 Honnold, Workmen's Compensation, § 8.]

"We are told that no distinction in construction is to be based upon whether the act is compulsory or elective. That is true as to some provisions of compensation acts. But that the statute is elective has controlling bearing on one thing that is most highly important. Where the statute is elective as to both employer and employee, payment of compensation is not the performance of a statute duty, but the performance of conditions in the contract of hiring . . . ." [*Id.* at 225.]

"Where the statute compels submission by the employer and employee, there is no contract, as a general rule, enforceable outside of the State." [*Id.* at 226.]

"[A]cts not construed to be contractual in character do not, in the absence of unequivocal language to the contrary, apply where the injury occurs outside the State, while, on the other hand, acts construed to be contractual protect one injured outside the State, where the contract of employment was made within the State and is governed by the laws of the State." [*Roberts, supra* at 651.]

Whether the modern act covers an employee depends upon whether the requirements of the statute have been met. Therefore if the extraterritorial jurisdiction requirements are not met, an injury is not compensable under the act.

The majority asserts that if *Roberts* is overruled, "all Michigan employees who suffer an out-of-state injury in the course of their employment and who

reside in neighboring states will not be subject to the bureau's jurisdiction." *Ante* at 523-524. If the employee is not a Michigan resident and suffers an injury during the course of his employment outside Michigan, labeling him as a "Michigan employee" is misleading. There is no legal or logical authority for defining a "Michigan employee" solely as one who has contracted for employment in Michigan. Although the denial of benefits may seem harsh, it is not within this Court's authority to alter the clear provisions of the statute under consideration. Workers' compensation is a matter of statutory grace, *Selk v Detroit Plastic Products,* 419 Mich 1, 11; 345 NW2d 184 (1984), and is not an equitable remedy. Equitable considerations are not proper where the Legislature has clearly enunciated the limits of the workers' compensation bureau. That the employee may or may not receive benefits in another state[9] is not a pivotal factor, and is not a criteria in the statutory definitions of an employee or the jurisdictional limits of the bureau. Although there may be some employees who therefore are left without Michigan workers' compensation coverage, this Court is bound to follow the language of the statute, rather than the equities of a single situation.

The majority does not dispute that the language of the extraterritorial provision is clear or that the analysis in *Roberts* is no longer persuasive.[10] Hence, the majority's argument rests primarily on the principle of legislative acquiescence, rather than on the propriety of the *Roberts* decision. "Because of the indirect nature of the support it

---

[9] See *ante* at 519-520.

[10] [T]here is no vested right in the continuation of judicial error. If we have been wrong in our interpretation, we are not only free to, but obligated to, correct that error. [*Magreta v Ambassador Steel Co,* 380 Mich 513, 517; 158 NW2d 473 (1968).]

provides, the legislative acquiescence principle, even when applicable, is not alone controlling." *Lamb v Bureau of Pardons,* 106 Mich App 175, 183; 307 NW2d 754 (1981), citing *Magreta v Ambassador Steel Co,* 380 Mich 513, 520; 158 NW2d 473 (1968). Considering the changes in the nature of the workers' compensation system, as well as the clarity of the statutory language, the principle of legislative acquiescence should not be used to continue a decision that lacks persuasive legal foundation. Moreover, the clarity of the conjunctive language used in MCL 418.845; MSA 17.237(845) also supports the argument that the Legislature could not change the language of the statute after *Roberts* to add a residency requirement, because the clear language already existed in the statute and nothing else needed to be added. Therefore, legislative acquiescence to the *Roberts* decision is not as clear as the majority suggests. *Ante* at 525-526.

By failing to recognize the change in the nature of the compensation act, the majority imposes a responsibility on the employer beyond that which is required by statute. Despite contrary precedent from 1932, I would recognize the existing clear language of MCL 418.845; MSA 17.237(845) defining coverage by the Michigan workers' compensation act to exist with regard to out-of-state injuries only where the claimant is a Michigan resident and the contract of employment was executed in Michigan. I would affirm the decision of the Court of Appeals.

GRIFFIN, J., concurred with RILEY, J.