WEAVER, J.
(concurring in part and dissenting in part). I concur in the majority’s decision to overrule Boyd v W G Wade Shows, 443 Mich 515; 505 NW2d 544 (1993), but dissent from applying this decision retroactively. It should not be applied against this plaintiff and should only be applied prospectively because there has been extensive reliance for years on Boyd and its predecessors.
The Boyd Court incorrectly held, contrary to MCL 418.845, that an out-of-state worker who is injured need not have been a resident of the state of Michigan at the time of injury in order to claim workers’ compensation benefits. Given that MCL 418.845 grants jurisdiction to the Workers’ Compensation Agency only if the injured employee was a resident of the state at the time of the injury and the contract for hire was made in Michigan, nonresident injured employees are not entitled to workers’ compensation benefits.
I dissent from the majority’s decision to apply its ruling retroactively, given that Boyd has been the law in this state for 14 years — a substantial period during which nonresident injured employees and related parties have relied on the elimination of the residency requirement. As this Court held in Pohutski v City of Allen Park 465 Mich 675, 696; 641 NW2d 219 (2002), there are
three factors to be weighed in determining when a decision should not have retroactive application. Those factors are: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on *46 the administration of justice. People v Hampton, 384 Mich 669, 674; 187 NW2d 404 (1971). In the civil context, a plurality of this Court noted that Chevron Oil v Huson, 404 US 97, 106-107; 92 S Ct 349; 30 L Ed 2d 296 (1971), recognized an additional threshold question whether the decision clearly established a new principle of law. Riley v Northland Geriatric Center (After Remand), 431 Mich 632, 645-646; 433 NW2d 787 (1988) (Griffin, J.).
Weighing the three factors leads to the conclusion, as in Pohutski, that prospective application is appropriate here. First, the purpose of the new rule is to correct an error in the interpretation of MCL 418.845. Prospective application would further this purpose. Second, there has been extensive reliance for 14 years on Boyd’s interpretation of MCL 418.845. In addition to reliance by the courts, insurance decisions have undoubtedly been predicated on this Court’s longstanding interpretation of MCL 418.845 under Boyd. Nonresident in jured employees, like plaintiff, who initially entered into contracts for hire in Michigan, but later agreed to work outside Michigan, have relied on the ability to obtain workers’ compensation benefits based on their employment relationship with Michigan employers. Prospective application acknowledges that reliance and assures the fair resolution of those pending workers’ compensation cases. Finally, prospective application minimizes the effect of this decision on the administration of justice because retroactive application would require in many cases new proceedings before the agency to reverse any benefit awards made pursuant to Boyd.